```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**RARE COIN ALLIANCE, LTD.,**

       Plaintiff,

  vs.                         Civil Action 2:05-CV-891
                                Judge Sargus
                                Magistrate Judge King

**ISLAND RARITIES,** *et al.*,

       Defendants.

## OPINION AND ORDER

This is a diversity action in which, *inter alia*, plaintiff seeks recovery of amounts allegedly due it in connection with its sale of rare coins to defendant Island Rarities, Inc. Defendant Island Rarities, Inc., filed a third party complaint against James Barta, who allegedly authorized the purchase of the coins but who allegedly defaulted in his payments, resulting in the defendant/third party plaintiff's sale of the coins at a discounted rate. *Amended Third Party Complaint,* Doc. No. 35. In response to the *Amended Third Party Complaint*, the third party defendant filed a motion to dismiss based upon Ohio's statute of frauds. Doc. No. 38. This matter is now before the Court on third party plaintiff's motion for an extension of time to respond to the motion to dismiss and for leave to further amend the third party complaint. Doc. No. 39. In support of its motion, the third party plaintiff represents that it wishes "to conduct discovery necessary to fully address all of the defenses to the statute of fraud raised in [the] motion to dismiss; and for leave to further amend the Third-Party Complaint in order to assert additional facts and attach additional documents in order to demonstrate that the statute of frauds is not

applicable to the Third-Party Complaint." *Motion of Third-Party Plaintiff Island Rarities, Inc. for Extension of Time to File Memorandum in Opposition to Third-Party Defendant James Barto's Motion to Dismiss and for Leave to Further Amend the Third-Party Complaint,* at p. 1, Doc. No. 39. In response, third-party defendant does not oppose the requested extension or the requested leave to file an amended third-party complaint, on the condition that all discovery relating to the issues raised in the motion to dismiss the third-party complaint be stayed pending the filing of and response to that second amended third-party complaint. Doc. No. 46. The third-party defendant has in fact separately filed a motion to stay. Doc. No. 47.

In support of his position, the third-party defendant contends, first, that Rule 11 of the Federal Rules of Civil Procedure requires that claims be asserted in advance of full discovery. In fact, however, Rule 11 provides that an attorney's signature signifies that "allegations . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; ..." F.R.Civ. P. 11(b)(3). The third-party plaintiff has persuaded the Court that discovery relating to the statute of frauds defense is appropriate.[1] Accordingly, the third part plaintiff is **GRANTED** an extension of time to respond to the pending motion to dismiss the amended third-party complaint. The third-party plaintiff may have until May 31, 2006, to respond to the motion to dismiss.

The third party defendant notes that it would be unfair to grant, at this juncture, leave to amend the third-party complaint and to

---

[1] "In its Motion for Extension of Time, Island Rarities establishes evidence supporting performance as an exception to the Statute of Frauds and receipt and acceptance of certain coins in the amount of $57,000 as an exception to the Statute of Frauds. Island Rarities seeks discovery in order to establish additional exceptions to the Statute of Frauds . . . ." *Reply Memorandum in Support of Motion of Third-Party Plaintiff ... for Extension of Time,* at p. 3, Doc. No. 48.

subject the third-party defendant to discovery in the absence of any indication as to what the proposed amended claims may be. This Court agrees. Accordingly, the third party plaintiff's motion for leave to file a second amended third-party complaint is **DENIED** without prejudice to refiling upon the tender of the proposed second amended third party complaint.

This order resolves Doc. Nos. 39, 47, and the Clerk is **DIRECTED** to remove those motions from the Court's pending motions list.

May 15, 2006                                     *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge