IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RARE COIN ALLIANCE, LTD.,

    Plaintiff,

v.

ISLAND RARITIES, INC., et al.

    Defendants,

Case No. 2:05-cv-891

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE NORAH MCCANN KING

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Substitute Party and to Reinstate Case (D.E. 60), filed by the plaintiff, Rare Coin Alliance, Ltd. ("RCA"), on June 11, 2010. This motion has been fully briefed and is now ripe for disposition. For the following reasons, RCA's combined motion will be granted.

### I. **Background**

For purposes of the motion at bar, the following abbreviated factual and procedural history of this case is sufficient, and a full recitation of the case history is unnecessary. On January 13, 2006, defendant/third-party plaintiff, Island Rarities, Inc. ("Island Rarities"), filed an amended third-party complaint against James Barta ("Barta"). On February 2, 2006, Barta filed a motion to dismiss the amended third-party complaint. Island Rarities then filed a motion for an extension of time to file a response to the motion to dismiss and for leave to file a second amended third-party complaint. Island Rarities did not tender a proposed second amended third-party complaint with its motion. On May 16, 2006, the magistrate judge assigned to this case entered an order granting Island Rarities an extension until May 31, 2006 to file its response to Barta's motion to dismiss and denying without prejudice the motion for leave to file a second amended third-party complaint, subject to the tendering of a proposed second amended third-party complaint.

On May 25, 2006—before the deadline for filing its response—Island Rarities filed a notice of bankruptcy and suggestion of stay. By order entered on May 30, 2006, this Court stayed the proceedings in this action and administratively closed the case, removing all then-pending motions from the Court's motions list. In its May 30, 2006 order, the Court stated that this case "shall be reactivated upon the filing of a Notice of completion of the bankruptcy proceedings." (D.E. 59.)

The bankruptcy proceeding was closed on December 3, 2007. (Bankruptcy Court Final Decree, D.E. 60-1). In the meantime, on September 12, 2007, RCA entered into a settlement agreement with Defendant Certified Asset Management, Inc. ("CAMI").[1] Approximately two years later, on October 18, 2009, RCA and Island Rarities reached a settlement agreement in which Island Rarities assigned its claim against Barta to RCA. According to RCA, that agreement was perfected in December 2009. During the early part of 2010, RCA attempted to resolve this dispute through settlement discussions with Barta. On April 30, 2010, RCA made a written statement demand on Barta. Sometime thereafter, Barta informed RCA that he did not wish to settle the claims.

On June 11, 2010, RCA filed the combined "Motion to Reinstate Case and Motion to Substitute Party" that is presently under the Court's consideration. In its motion, RCA asks the Court to reopen this action pursuant to the Court's May 30, 2006 order, and it seeks to be substituted for Island Rarities as plaintiff in the third-party complaint against Barta, pursuant to Federal Rule of Civil Procedure 25(c),[2] based upon Island Rarities' assignment to RCA of its claims against Barta. Barta filed a response in opposition, which in essentially seeks dismissal of the third-party complaint. RCA filed a reply in support of its position. By leave of court, Barta then filed a sur-reply, and RCA filed a sur-response.

---

[1] In its motion to reactivate this case, RCA erroneously attached a copy of its settlement agreement with CAMI rather than its agreement with Island Rarities. The correct copy was subsequently filed as an exhibit to RCA's reply in support of its motion.

[2] Rule 25 (c) provides, in relevant part: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action . . . ." Fed. R. Civ. P. 25 (c).

2

## II. Analysis

Barta asserts multiple grounds in support of his position that RCA's combined motion should be denied and the claims against him dismissed. First, he contends that RCA unreasonably delayed moving to reopen this action and, therefore, that the claims are barred by laches.[3] Second, he maintains that the claims are time-barred by the applicable statute of limitations under Ohio law. Third, he argues that even if the claims are not time-barred, the motion should be denied as futile because the claims are barred by the statute of frauds. Finally, he contends that the motion should be denied because Island Rarities lacked capacity to sue or to assign its claims against Barta to RCA. The Court examines each argument in turn.

### A. Laches

The equitable doctrine of laches is an affirmative defense invoked to bar claims that have become stale by virtue of a party's negligent, unintentional, and unreasonable delay in seeking to protect its rights. *See* Fed. R. Civ. P. 8 (c); *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 408 (6th Cir. 2002). "A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Nartron*, 305 F.3d at 408. As an affirmative defense, laches must be pleaded so that opposing parties are put on notice and given the opportunity to respond. *See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971); *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 444-45 (D.C.Cir. 1994).

In this case, Barta contends laches bars RCA's claims because RCA failed to act diligently to protect its rights by waiting approximately two-and-a-half years to notify this Court that the bankruptcy

---

[3] In his response to RCA's motion, Barta initially appeared to claim that RCA's motion to reinstate the case should be denied for failure to prosecute. In subsequent filings, however, he relies on the doctrine of laches. Because Barta has not filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), the rule governing dismissals for failure to prosecute a claim, the Court declines to consider Barta's arguments under the standard for dismissals for failure to prosecute.

3

proceedings had been completed. Barta further contends that the delay in seeking to reactivate the case was unreasonable and prejudices his ability to defend the claims against him. However, Barta has not asserted the defense of laches in a pleading. Rather, he raises the defense for the first time in his sur-reply brief filed in connection with RCA's motion to reactivate the case. Accordingly, the Court concludes that, although Barta may reassert the defense of laches in an appropriate pleading, it is not a proper basis for determining whether the case should be reactivated or RCA substituted for Island Rarities as third-party plaintiff.

## B. **Statute of Limitations**

As his second ground for denying RCA's motion, Barta asserts that RCA is barred from pursuing the third-party claims against him by the statute of limitations. Island Rarities' third-party complaint alleged breach of contract for a sale of goods. Under Ohio law, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Ohio Rev. Code § 1302.98 (A). Such cause of action "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Ohio Rev. Code § 1302.98 (B).

According to Barta, the alleged breach occurred in October or November of 2002 and, therefore, the statute of limitations would have run in October or November of 2006. Although Barta concedes that the initial third-party complaint filed against him by Island Rarities fell within the applicable statute of limitations, he contends that it nevertheless bars RCA's assigned claims because RCA filed its motion to reopen the case eight years after the alleged breach. In Barta's view the tolling provisions set forth in the Bankruptcy Code do not apply to assigned claims and even if they did, they would have permitted tolling only until May 24, 2008, which date corresponds to two years after Island Rarities filed its bankruptcy petition.

Like the defense of laches discussed above, a statute-of-limitations defense must be asserted in a

4

pleading. *See Blonder-Tongue,* 402 U.S. at 350; Fed R. Civil P 8(c). Because Barta has not pleaded the statute of limitations defense, but rather has raised it only in his sur-reply brief in opposition to RCA's motion to reactivate the case, the Court concludes that, as with the laches defense, it does not serve as a proper ground for determining whether case should be reactivated or RCA substituted for Island Rarities in the third-party complaint.

### C. Futility

Barta further contends that irrespective of whether RCA's claims are time-barred, the combined motion should be denied as futile because the claims asserted in the third-party complaint are unenforceable under the statute of frauds. This contention also comprises the sum and substance of Barta's Rule 12(b) motion to dismiss (D.E. 38), which was still pending and not fully briefed at the time this case was stayed. Moreover, prior to the stay, the magistrate judge assigned to this case entered an order permitting additional limited discovery to take place before the deadline had passed for filing responses to the motion. Given the procedural posture of this case at the time the stay was imposed, the Court concludes that a ruling on the statute of frauds issue would be premature. Accordingly, the Court declines to consider futility as a ground for denying RCA's motion.

### D. Legitimacy of Assignment

Finally, Barta contends that RCA's motion must be denied because Island Rarities ceased to exist as a corporation before assigning its third-party claims against Barta to RCA, thus rendering the assignment of those claims void. According to Barta, Island Rarities was initially incorporated in Delaware but that its Delaware charter was voided in 1997 and that it registered as a New York corporation in 1996. Barta further claims that Island Rarities' New York corporation was dissolved in 2001. RCA does not dispute these factual assertions. Barta contends that under both Delaware and New York law, the dissolution of the corporate form extinguished Island Rarities' capacity to engage in

corporate acts and that both its third-party complaint against him and the assignment of its claims to RCA are therefore void as a matter of law.

This argument may be fairly characterized as seeking dismissal for failure to state a claim upon which relief can be granted and is thus the proper subject for a motion under Federal Rule of Civil Procedure 12, not a proper counterargument for denying RCA's motion to reopen the case or to be substituted for Island Rarities as third-party plaintiff.

### III. Conclusion

For the foregoing reasons, the combined motion to reactivate this case and to substitute Rare Coin Alliance, Ltd. for Island Rarities in the third-party complaint against James Barta (D.E. 60) is **GRANTED**. It is **ORDERED** that the stay on the proceedings in this case be and hereby is lifted. It is FURTHER ORDERED that Rare Coin Alliance, Ltd. be and hereby is substituted for third-party plaintiff Island Rarities, Inc. in the third-party complaint against third-party defendant James Barta.

The Clerk is **DIRECTED** to return this case to the active docket of the undersigned judge. The Clerk is further **DIRECTED** to reactivate the motions that remained pending at the time the stay was imposed (D.E. 38, D.E. 54, and D.E. 58).

**IT IS SO ORDERED.**

10-27-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

6